IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES RIVER INSURANCE COMPANY                                             PLAINTIFF

v.                                                          CIVIL ACTION NO.: 2:25-cv-35-HSO-BWR

RAPID ANALYTICS, LLC, FERRCANN,
INC., and SADUJA, LLC                                                    DEFENDANTS

### DEFENDANT RAPID ANALYTICS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, Defendant Rapid Analytics, LLC ("Rapid"), through counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. Defendant at all times complied with all duties and requirements of the contract between Plaintiff and the Defendant.

### RESERVATION OF RIGHTS

Rapid is without knowledge or information sufficient to form a belief as to whether other affirmative defenses may apply in this matter. Rapid expressly reserves the right to raise any additional affirmative defenses that may be revealed by investigation or discovery.

AND NOW, having presented its affirmative defenses, Rapid answers the allegations in the Complaint, paragraph by paragraph, as follows:

### ANSWER TO COMPLAINT

### INTRODUCTION

1. Admitted.

2. Defendant admits that its licensed was suspended. The remaining allegations are denied.

3. Defendant admits that MSDH conducted an investigation and issued findings. The remaining allegations are denied.

4. Defendant admits that MSDH's made findings that Rapid appealed. MSDH's findings speak for themselves. The remaining allegations in Paragraph 3, subparts a-j are denied.

5. Defendant admits that Rapid had to close its doors. The remaining allegations are denied.

6. Defendant admits retaining counsel to challenge MDHS's investigation and suspension. The remaining allegations are denied.

7. Denied.

8. Defendant admits the policy which speaks for itself. The remaining allegations are denied.

9. Denied.

10. Defendant admits being sued by FerrCann, Inc., and Saduja, LLC in Adams County Circuit Court. The remaining allegations are denied.

11. Defendant admits that FerrCann and Saduja obtained a Clerk's Entry of Default. The remaining allegations are denied.

12. FerrCann's and Saduja's Complaint speaks for itself, and Defendant admits it was filed. The remaining allegations are denied.

13. FerrCann's and Saduja's Complaint speaks for itself. The remaining allegations are denied.

14. Defendant admits the default judgment, which speaks for itself. The remaining allegations are denied.

15. Denied.

16. Denied.

17. Defendant admits that it has not yet appeared. The remaining allegations are denied.

18. Denied.

## JURISDICTION AND VENUE

19. Admitted.

20. Defendant admits the default judgment, which speaks for itself. The remaining allegations are denied.

21. Defendant is without information sufficient to either admit or deny the allegations in Paragraph 21 and the same are, therefore, denied.

22. Admitted.

23. Defendant is without information sufficient to either admit or deny the allegations in Paragraph 23 and the same are, therefore, denied.

24. Defendant is without information sufficient to either admit or deny the allegations in Paragraph 24(1) through (10) and the same are, therefore, denied.

25. Admitted.

26. Admitted.

## FACTUAL BACKGROUND

### MSDH Investigation

27. Defendant admits the default judgment. The remaining allegations are denied.

28. Admitted.

29. Defendant admits that MDHS issued a Notice of Emergency Suspension to Rapid, which speaks for itself. The remaining allegations are denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that MSDH issued a Notice that speaks for itself, but is not attached hereto. The remaining allegations are denied.

35. Defendant admits that MSDH issued a Notice that speaks for itself, but is not attached hereto. The remaining allegations are denied.

36. Defendant admits that MSDH issued a Notice that speaks for itself, but is not attached hereto. The remaining allegations are denied.

37. Denied.

38. Denied.

### The FerrCann and Saduja Suit Against Rapid

39. Defendant admits that FerrCann and Saduja filed a lawsuit against Rapid. The Complaint speaks for itself. The remaining allegations are denied.

40. The "court records" speak for themselves, including all allegations. The remaining allegations are denied.

41. Denied.

42. The "court records" speak for themselves, including all allegations. The remaining allegations are denied.

43. Denied.

44. Defendant admits the default judgment, which speaks for itself. Defendant further admits that a default judgment hearing occurred. The remaining allegations are denied.

45. Defendant is without information sufficient to answer or deny the allegation in Paragraph 45 and the same are, therefore, denied.

### Rapid's Failure to Give Adequate Notice to or Cooperate with James River

46. Denied.

47. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

48. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

49. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

50. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

51. Whether the Notice constituted a claim is a legal conclusion. To the extent a response is required, denied. Defendant is without information sufficient to answer or deny the remaining allegations and the same are, therefore, denied.

52. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

53. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

54. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

55. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

56. Defendant is without information sufficient to answer or deny these allegations and the same is, therefore, denied.

57. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

58. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

59. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

60. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

61. Denied.

62. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

63. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

64. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

65. Denied.

66. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

67. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

68. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

69. Defendant is without information sufficient to answer or deny these allegations and the same are, therefore, denied.

## REQUESTS FOR DECLARATORY RELIEF

### COUNT I:

**Coverage is Excluded Under the Commercial General Liability Coverage Part of the Policy**

70. Defendant incorporates by reference all prior responses to each preceding paragraph as if fully set forth herein.

71. Defendant admits issuance of the Policy, which speaks for itself. The remaining allegations are denied.

72. Defendant admits the Policy, which speaks for itself.

73. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

74. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

75. Denied.

76. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

77. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

78. Denied.

79. Denied.

80. Denied.

81. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

82. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

83. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

84. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

85. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

86. Denied.

87. Denied.

88. Denied.

89. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT II:

### Coverage is Excluded under the Professional Liability Coverage Part of the Policy

93. Defendant incorporates by reference all prior responses to each preceding paragraph as if fully set forth herein.

94. Denied.

95. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

96. Defendant admits that FerrCann and Saduja filed a Complaint against Defendant. The Complaint speaks for itself.

97. Denied.

98. Defendant admits the quarantine and that MSDH investigated. Defendant denies the remaining allegations.

99. Denied.

100. Denied.

101. Denied.

102. Defendant admits the Policy, which speaks for itself. The remaining averments constitute legal conclusions to which no response is required. To the extent a response is required, denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied,

In response to the unnumbered paragraph beginning "Wherefore," Rapid denies Plaintiff is entitled to any of the relief prayed for or any other relief in this case, including subparts (A) through (D).

This, the 6th day of May, 2025.

Respectfully submitted,

RAPID ANALYTICS, LLC

By: */s/ Michael A. Heilman*
    Michael A. Heilman

OF COUNSEL:

Michael A. Heilman (MSB No.2223)
HEILMAN NISBETT POLK, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915
mheilman@hnplawyers.com

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 6th day of May, 2025.

                                              */s/ Michael A. Heilman*
                                              Michael A. Heilman