UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI – EASTERN DIVISION

**JAMES RIVER INSURANCE COMPANY**                           **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 2:25-cv-35-HSO-BWR**

**RAPID ANALYTICS, LLC,**
**FERRCANN, INC., and**
**SADUJA, LLC**                                                         **DEFENDANTS**

## SADUJA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

**NOW COMES,** Defendant, Saduja, LLC ("Saduja"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Relief, as follows:

### FIRST DEFENSE

Saduja asserts and preserves all defenses as stated in Rule 12 of the Federal Rules of Civil Procedure, including lack of personal jurisdiction, subject matter jurisdiction and failure to state a claim upon which relief can be granted, that would dictate the dismissal of Plaintiff's Complaint.

### SECOND DEFENSE

It is admitted that Plaintiff, James River Insurance Company ("James River"), has filed an action seeking Declaratory Relief related to Saduja's lawsuit filed in the Circuit Court of Adams County, Mississippi (civil action no. 24-KV-0006-D) against Rapid Analytics, LLC ("Rapid") and the default judgment entered against Rapid in favor of Saduja in that case. Saduja specifically denies that it in any way caused or contributed to the alleged damages set forth in James River's Complaint or that James River is entitled to the relief sought in its Complaint or any relief or judgment against Saduja whatsoever.

**RESERVATION OF RIGHTS**

Saduja is without knowledge or information sufficient to form a belief as to whether other affirmative defenses may apply in this matter. Saduja expressly reserves the right to raise any additional affirmative defenses that may be revealed by investigation or discovery

AND NOW, having presented its affirmative defenses, Saduja responds to each paragraph of James River's Complaint as follows:

**ANSWER TO COMPLAINT**

**INTRODUCTION**

1. The allegations of Paragraph 1 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required. To the extent a response is deemed necessary, admitted upon information and belief.

2. The allegations of Paragraph 2 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

3. The allegations of Paragraph 3 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

4. The allegations of Paragraph 4 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required. To the extent a response is deemed necessary, Saduja denies the allegations set forth in Paragraph 4, except it admits that it and FerrCann, Inc. ("FerrCann") filed a lawsuit against Rapid, that Rapid failed to respond to that lawsuit, and that a default judgment was entered in that case against Rapid.

5. The allegations of Paragraph 5 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

6. The allegations of Paragraph 6 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

7. The allegations of Paragraph 7 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

8. The allegations of Paragraph 8 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

9. The allegations of Paragraph 9 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

10. Saduja admits that it and FerrCann filed a lawsuit against Rapid captioned *FerrCann, Inc. and Saduja, LLC v. Rapid Analytics, LLC and John Does 1-5*, Civil Action No. 24-KV-0006-D in Adams County circuit court for compensatory and punitive damages arising out of Rapid's cannabis testing operations. Saduja is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 10 and therefore denies same as alleged.

11. Saduja admits the first sentence of Paragraph 11. Saduja is without sufficient knowledge or information to admit or deny all remaining allegations of Paragraph 11 and therefore denies same as alleged.

12. Saduja admits a complaint was filed in *FerrCann, Inc. and Saduja, LLC v. Rapid Analytics, LLC and John Does 1-5*, Civil Action No. 24-KV-0006-D and that it speaks for itself.

13. Saduja admits the complaint filed in *FerrCann, Inc. and Saduja, LLC v. Rapid Analytics, LLC and John Does 1-5*, Civil Action No. 24-KV-0006-D speaks for itself.

14. Admitted.

15. The allegations of Paragraph 15 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

16. The allegations of Paragraph 16 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

17. The allegations of Paragraph 17 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

18. The allegations of Paragraph 18 of Plaintiff's Complaint do not contain material allegations of fact, and thus, do not require a response from Saduja; should a response be required, they are denied, and Saduja further denies Plaintiff is entitled to the relief requested in Paragraph 18 by the Court and/or against Saduja.

## JURISDICTION AND VENUE

19. Admitted.

20. Saduja admits that the default judgment speaks for itself. Saduja is without sufficient knowledge or information to admit or deny all remaining allegations of Paragraph 20 and therefore denies same as stated.

21. Saduja is without sufficient knowledge or information to admit or deny the allegations of Paragraph 21 and therefore denies same as stated.

22. The allegations of Paragraph 22 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

23. The allegations of Paragraph 23 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

24. Denied as stated.

25. Admitted.

26. Admitted.

## FACTUAL BACKGROUND

**MSDH Investigation**

27. The allegations of Paragraph 27 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

28. The allegations of Paragraph 28 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

29. The allegations of Paragraph 29 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

30. The allegations of Paragraph 30 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

31. The allegations of Paragraph 31 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

32. The allegations of Paragraph 32 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

33. The allegations of Paragraph 33 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

34. The allegations of Paragraph 34 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

35. The allegations of Paragraph 35 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

36. The allegations of Paragraph 36 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

37. The allegations of Paragraph 37 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

38. The allegations of Paragraph 38 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

## The FerrCann and Saduja Suit Against Rapid

39. Saduja admits that it and FerrCann filed s lawsuit against Rapid. The Complaint speaks for itself. The remaining allegations are denied as stated.

40. The "court records" speak for themselves, including all allegations contained therein. The remaining allegations are denied.

41. The allegations of Paragraph 41 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

42. The "court records" speak for themselves, including all allegations contained therein. The remaining allegations are denied.

43. The allegations of Paragraph 43 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

44. Admitted.

45. The allegations of Paragraph 45 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

## Rapid's Failure to Give Adequate Notice to or Cooperate with James River

46. The allegations of Paragraph 46 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

47. The allegations of Paragraph 47 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

48. The allegations of Paragraph 48 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

49. The allegations of Paragraph 49 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

50. The allegations of Paragraph 50 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

51. The allegations of Paragraph 51 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

52. The allegations of Paragraph 52 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

53. The allegations of Paragraph 53 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

54. The allegations of Paragraph 54 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

55. The allegations of Paragraph 55 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

56. The allegations of Paragraph 56 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

57. The allegations of Paragraph 57 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

58. The allegations of Paragraph 58 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

59. The allegations of Paragraph 59 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

60. The allegations of Paragraph 60 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

61. The allegations of Paragraph 61 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

62. The allegations of Paragraph 62 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

63. The allegations of Paragraph 63 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

64. The allegations of Paragraph 64 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

65. The allegations of Paragraph 65 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

66. The allegations of Paragraph 66 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

67. The allegations of Paragraph 67 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

68. The allegations of Paragraph 68 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

69. The allegations of Paragraph 69 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

**REQUESTS FOR DECLARATORY RELIEF**

**COUNT I:**
**Coverage is Excluded Under the**
**Commercial General Liability Coverage Part of the Policy**

70. Saduja incorporates by reference all prior responses to each preceding paragraph as if fully set forth herein.

71. The allegations of Paragraph 71 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

72. The allegations of Paragraph 72 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

73. The allegations of Paragraph 73 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

74. The allegations of Paragraph 74 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

75. The allegations of Paragraph 75 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

76. The allegations of Paragraph 76 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

77. The allegations of Paragraph 77 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

78. The allegations of Paragraph 78 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

79. The allegations of Paragraph 79 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

80. The allegations of Paragraph 80 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

81. The allegations of Paragraph 81 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

82. The allegations of Paragraph 82 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

83. The allegations of Paragraph 83 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

84. The allegations of Paragraph 84 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

85. The allegations of Paragraph 85 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

86. The allegations of Paragraph 86 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

87. The allegations of Paragraph 87 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

88. The allegations of Paragraph 88 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

89. The allegations of Paragraph 89 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

90. The allegations of Paragraph 90 of Plaintiff's Complaint are not directed toward Saduja and constitute legal conclusions, and therefore, no response is required. To the extent a response is required, denied.

91. The allegations of Paragraph 91 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

92. Denied.

## COUNT II:
## Coverage is Excluded Under the
## Professional Liability Coverage Part of the Policy

93. Saduja incorporates by reference all prior responses to each preceding paragraph as if fully set forth herein.

94. The allegations of Paragraph 94 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

95. The allegations of Paragraph 95 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

96. Saduja admits the complaint filed in *FerrCann, Inc. and Saduja, LLC v. Rapid Analytics, LLC and John Does 1-5*, Civil Action No. 24-KV-0006-D speaks for itself.

97. The allegations of Paragraph 97 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

98. The allegations of Paragraph 98 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

99. The allegations of Paragraph 99 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

100. The allegations of Paragraph 100 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

101. The allegations of Paragraph 101 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

102. The allegations of Paragraph 102 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

103. The allegations of Paragraph 103 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

104. The allegations of Paragraph 104 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

105. The allegations of Paragraph 105 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

106. The allegations of Paragraph 106 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

107. The allegations of Paragraph 107 of Plaintiff's Complaint are not directed toward Saduja and, therefore, no response is required.

In responding to the last unnumbered paragraph of Plaintiff's Complaint that begins with "**Wherefore**" and to the extent this paragraph could be construed as asserting claims or allegations against Saduja, the same are generally denied. Further, Saduja denies that Plaintiff is entitled to relief, recovery or judgment from the Court or Saduja in any amount or type whatsoever.

**RESPECTFULLY SUBMITTED,** this, the 8th day of May, 2025.

          **SADUJA, LLC**

          BY: */s/ Philip J. Chapman*
              Julie B. Mitchell, Esq. (MBN #10064)
              Philip J. Chapman, Esq. (MBN #101559)
              **HAGWOOD AND TIPTON PC**
              124 One Madison Plaza, Suite 2300
              Madison, MS  39110
              Telephone:  (601) 608-6300
              Facsimile:  (601) 362-3642
              Email:       jmitchell@hatlawfirm.com
                             pchapman@hatlawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to all counsel of record.

This, the 8th day of May, 2025.

                                              */s/ Philip J. Chapman*
                                              Philip J. Chapman, Esq.